IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CEDRICK SCOTT**, | : | **CIVIL ACTION NO. 1:12-CV-1048** |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **HARLEY LAPPIN**, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Cedrick Scott ("Scott" or "petitioner"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Scott is attempting to render his indictment defective and subsequent convictions void. (Doc. 1, at 6.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.   Background**

On December 8, 1999, following a plea of guilty to possession of a firearm by a convicted felon, possession with intent to distribute cocaine base, and carrying a firearm during and in relation to a drug-trafficking offense, Scott was sentenced in the United States District Court for the Middle District of Louisiana to concurrent

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

terms of imprisonment of 300 months on the first and second count, and consecutive term of sixty months on the third count. (See electronic docket, United States v. Scott, M.D. LA. Civil Docket No. 3:99-cr-0005, Doc. 39, obtained *via* http://www.pacer.gov.) A notice of appeal was filed on February 1, 2000. (Id. at Doc. 40.) The appeal was dismissed the following month. (Id. at Doc. 41.) He then sought permission to file an appeal out of time, which was granted. (Id. at Doc. 42, 44-45.) The appeal was dismissed on July 13, 2001. (Id. at Doc. 51.)

On September 14, 2001, Scott filed a motion to vacate pursuant to 28 U.S.C. § 2255. (See electronic docket, United States v. Scott, M.D. LA. Civil Docket No. 3:99-cr-0005, Doc. 52.) The motion was denied on October 12, 2001, with instructions that the motion was to be considered an out-of-time appeal. (Id. at Doc. 55.) The criminal judgment was reenterd as of October 12, 2001, and Scott filed a notice of appeal on October 18, 2001. (Id. at Docs. 56-57.) On July 11, 2002, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. (Id. at Doc. 61.)

On October 8, 2003, Scott filed a motion to vacate pursuant to 28 U.S.C. § 2255. (See electronic docket, United States v. Scott, M.D. LA. Civil Docket No. 3:99-cr-0005, Doc. 63.) On February 4, 2004, an order issued denying the Section 2255 motion. (Id. at Docs. 67-68.) Scott filed a timely notice of appeal. (Id. at Doc. 69.) He also sought multiple certificates of appealability. (Id. at 72, 74, 80-81.) On August 19, 2004, the requests for certificates of appealability and all outstanding motions were denied. (Id. at 85.)

He has since filed five additional motions to vacate pursuant to 28 U.S.C. § 2255. (See electronic docket, United States v. Scott, M.D. LA. Civil Docket No. 3:99-cr-0005, Docs. 87, 90, 96, 118, 121.) On two occasions, the motions were handled pursuant to the local rule pertaining to the amendment to the Guideline Section on Crack Cocaine. (Id. at 91, 97.) The remaining three motions were dismissed due to petitioner's failure to obtain leave to file a second or successive petition with the Fifth Circuit Court of Appeals. (Id. at 88, 119, 122.)

The instant petition was filed on June 4, 2012. (Doc. 1.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as

statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claims fall within the purview of § 2255, there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A). He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:    July 12, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CEDRICK SCOTT**, | : CIVIL ACTION NO. 1:12-CV-1048 |
| Petitioner, | : (Judge Conner) |
| v. | : |
| **HARLEY LAPPIN, et al.**, | : |
| Respondents | : |

## ORDER

AND NOW, this 12th day of July, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 4) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge